## NELSON a. EATON.

*Supreme Court, First District ; General Term, October*, 1858.

CAUSE OF ACTION.—RIGHT OF TRUSTEE TO SUE.

A complaint on a promissory note, showing that the plaintiff holds it as trustee, as a collateral security under a trust instrument which expressly authorizes him to sell it, but does not expressly authorize him to sue upon it, is bad on demurrer.*

Such holder is confined to the disposition of the note specified by the trust instrument.

Demurrer to complaint.

The action was brought by T. S. Nelson and J. S. Sturges, as trustees of an express trust. The complaint set forth a note made by the defendant to the order of the Atlas Mutual Insurance Company, and delivered to it by him. It further alleged, that that company were a corporation duly created; and that the plaintiffs had been constituted trustees of a special trust, by virtue of an instrument referred to as annexed to the complaint. This instrument was as follows:

NEW YORK, January 15, 1856.

We the undersigned agree to and with each other, and with the Atlas Mutual Insurance Company, that we will lend our notes to the amount of $5000 each to said company, and will indorse each other's paper so given, to an equal amount, on the conditions as stated below,—such paper to be given to T. S. Nelson and J. S. Sturges, special trustees, to be used by them as they may think proper for the benefit of the company, and to be made at such date as they require. It being clearly understood that our liability on this paper, either as makers or indorsers, shall be fully secured by a deposit of collaterals to such an amount, and of such character, as said trustees shall think sufficient to cover all the paper used under this arrangement. Such securities shall be placed in the hands of T.

* Reversing S. C., 15 *How. Pr. R.*, 305.

S. Nelson and J. S. Sturges, as special trustees for all parties concerned; and we hereby give to such special trustees full power and authority to sell said collateral securities, or any part or portion thereof, at the Board of Brokers, in the city of New York, or at public sale, or at private sale, or at the option of said special trustees, and without advertising the same, or otherwise giving us any notice.

It is also clearly and distinctly understood, that should any loss occur ultimately to any parties to this arrangement, that such loss shall be borne *pro rata* by all the parties giving such notes. It is also understood that the said notes shall be paid by the company by the 1st of November, 1856; but the parties are in the mean time to give new paper for renewal, for the same or a lesser sum, until finally paid in full as above.

This instrument was signed by the trustees, by an officer of the company on its behalf, and by a number of individuals.

The complaint then alleged, that, in accordance with its provisions, the persons subscribing it loaned their notes and delivered the same to the plaintiffs, and that the plaintiffs used the same for the benefit of the company; that on a certain day the company deposited with the plaintiffs, and transferred to them as such trustees, certain notes, as collateral security for the liability of those parties as makers and indorsers of the notes so loaned to the company, and that among the notes so deposited with them was the note in suit, made by the defendant and duly indorsed in blank by the company, by an officer thereof duly authorized, at or before the time of such deposit; that afterwards, and before the maturity of the notes loaned, the company became insolvent, and failed to take up the notes loaned, and that the makers of the same were compelled to pay them, and that at the commencement of the action there was unrealized to the plaintiffs from the securities, and due to the parties having loaned their notes, more than the amount of the defendant's note. It further alleged, that the plaintiffs were the lawful owners and holders of the note as trustees, and demanded judgment for its amount, &c.

The defendant demurred, on the grounds that,

1. The complaint did not state facts sufficient to constitute a cause of action.

2. That the plaintiffs had not legal capacity to sue.

3. That there was a defect of parties plaintiff or defendant.

The demurrer was overruled at the special term, and the defendant appealed to the general term.

*Beebe, Dean & Donohue*, for the appellants.

*Winchester Britton* and *Julius R. Pomeroy*, for the respondents.

By THE COURT.—SUTHERLAND, J.—This action was brought by the plaintiffs as trustees. In their complaint they set forth the trust instrument or agreement, by which they were not only created such trustees, but under which the note on which the suit was brought, with other notes, came into their hands, as such trustees, as collateral security for the payment of certain notes of the parties, executing the trust instrument; and by the trust instrument it appears that the plaintiffs had a right to sell the said collaterals at public or private sale at their option, and without advertising the same, or otherwise giving any notice.

The trust instrument, expressly specifying the terms on which the note on which this suit is brought came into the plaintiffs' hands as such trustees, and expressly giving them the right to sell, &c., but not to sue, the plaintiffs had no right to bring this action as such trustees.

There is no room for presumptions arising from their being the holders of the note. They themselves set out the manner in which they hold it and their rights over it. They had a right to sell it without advertising it, or otherwise giving notice; but with the express agreement before us, there is no place for a presumption that they had a right to sue it as the owners and holders.

I think the judgment of the court below, overruling the defendant's demurrer to the complaint, should be reversed, and that there should be judgment for the defendant on the demurrer, with costs.